**SAKABA OIL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE**

**(two cases).**

**Nos. 7291, 7292.**

Circuit Court of Appeals, Fifth Circuit.

June 11, 1934.

Frank M. Cook and Sidney M. Cook, both of Shreveport, La., for petitioner.

Warren F. Wattles, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., E. Barrett Prettyman, Gen. Counsel, and John D. Kiley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The complaining taxpayer during its fiscal year ending April 30, 1925, sold an oil lease which had cost it $187,270 for $750. During the previous years of its operation deductions for depletion of it had been claimed and allowed aggregating $31,770. The depletion which might have been claimed and allowed during those years amounted to $183,071. According to the Revenue Act of 1924, § 202 (b), 26 USCA § 933 note, in ascertaining the loss on a sale "depletion previously *allowed*" was to be taken into account, so that the uncompensated loss sustained was $154,749. But the Revenue Act of 1926, §§ 286 and 1200 (a), 26 USCA § 931 note and § 1a note, repealed and substituted the Act of 1924 as of January 1, 1925. Under the Act of 1926, § 202 (b), 26 USCA § 933 (b), the basis for computing the loss on a sale is to be diminished by the amount of "depletion which has since the acquisition of the property been *allowable* in respect of such property under this title or prior income tax laws." Accordingly, under the Revenue Act of 1926 the loss on sale of the lease would be only $3,448. Because of the wide difference on this item of loss there would for the fiscal year be no net income under the return but a large deficit if governed by the Revenue Act of 1924, but a taxable gain of $70,946 if governed by the Act of 1926. The policy of the Act of 1924 was to make available on a sale all unclaimed depletion allowances. The policy of the Act of 1926 was to make the taxpayer lose the allowances if not taken in the years in which they accrued. It

does not appear whether the lease was sold before or after January 1, 1925, but that makes no difference because only one return is required for the taxable year and the tax is imposed for that year as a unit whether it be a calendar year or a different fiscal year. The fiscal year might have been left for simplicity under the law under which it began, or it might have been closed at the effective date of a new law, but Congress ordained a different plan. As a special provision overriding general provisions where it applies, section 207 (a), 26 USCA § 938 (a) declares: "If the taxpayer makes return for a period beginning in one calendar year * * * and ending in the following calendar year * * * and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then *his tax* under this chapter for the period ending during the second calendar year *shall be the sum* of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period." This return covers a period two-thirds of which falls in the calendar year 1924 and one-third in the calendar year 1925, and the laws applicable to the two calendar years differ not only in their treatment of depletion in ascertaining a loss by sale but also in the rate of tax. It is not proper under the quoted provision to assign two-thirds of each transaction in the return whether of gain or loss to the year 1924 and one-third to the year 1925, nor to separate the transactions according to the calendar years in which they occurred, thus making up a return for each of those years, but the direction of the statute is to ascertain on the entire return a tax for a year according to the law of 1924 and set two-thirds of that tax down, and then add to it one-third of the tax on the entire return for a year ascertained according to the law of 1926. This the Board of Tax Appeals did. There was no net income according to the law of 1924, and hence no tax under that law. According to the law of 1926 there was net income and a tax and one-third of it was determined as the tax due for the fiscal year. This was in accordance with the statute.

The taxpayer further contends that according to the Act of 1924 a loss was incurred and that in redetermining its taxes for the following fiscal year ending in 1926 the Board should have carried forward a statutory net loss under section 206 (e) of the Act of 1926, 26 USCA § 937 (e). The tax for the fiscal year ending in 1926 was before the Board for redetermination under a separate proceeding, but no such issue as is here argued was presented to or passed on by the Board of Tax Appeals, nor is there either evidence or findings of fact in the record which would enable the corrections and adjustments to be made which are necessary in order to arrive at a net loss transferrable to a succeeding year. We cannot consider the contention.

No error appearing, the petitions for review are denied.